Filed 12/4/14  P. v. Suarez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>          v.<br><br>STEVEN MARIO SUAREZ,<br><br>     Defendant and Appellant. | F067699<br><br>(Super. Ct. No. VCF283325)<br><br>**OPINION** |

---

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Stephen A. Sillman, Judge.  (Retired judge of the Monterey Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)

Deborah Prucha and Carol Foster, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

---

[*]     Before Gomes, Acting P.J., Kane, J. and Poochigian, J.

-ooOoo-

2.

# PROCEDURAL SUMMARY

Appellant, Steven Mario Suarez, was charged in a criminal complaint filed on May 21, 2013, with felony possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a), count 1) and a misdemeanor count of being under the influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a), count 2).

On May 23, 2013, appellant entered into a plea agreement in which he would admit the allegations, be released immediately, and enter Recovery Court. The court advised appellant of the consequences of his plea and his constitutional rights pursuant to *Boykin/Tahl*.[1] The court found a factual basis for the plea based on appellant's statement that he was in fact in possession of methamphetamine on May 17, 2013, in Tulare County. Appellant pled guilty to both counts. The court revoked appellant's probation in an unrelated misdemeanor case and referred appellant to Recovery Court.

On June 20, 2013, appellant appeared seeking to file a motion to withdraw his plea. On July 9, 2013, appellant appeared for sentencing in the instant action as well as an unrelated petty theft case. Appellant received and waived his *Boykin/Tahl* rights. Appellant admitted the petty theft allegation and was sentenced to jail for 90 days.

Appellant dropped his request to withdraw his plea in the instant action. The court sentenced appellant to 90 days in jail for the instant charges to be served concurrently with the unrelated petty theft case. The court imposed various fines, fees, and assessments. The court placed appellant on felony probation for three years upon various terms and conditions.

Appellate counsel has filed a brief seeking independent review of the case by this court pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

---

[1] *Boykin v. Alabama* (1969) 395 U.S. 238; *In re Tahl* (1969) 1 Cal.3d 122.

## APPELLATE COURT REVIEW

Appellant's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*Wende*, *supra*, 25 Cal.3d 436.) The opening brief also includes the declaration of appellate counsel indicating that appellant was advised he could file his own brief with this court. By letter on November 8, 2013, we invited appellant to submit additional briefing. To date, he has not done so.

After independent review of the record, we have concluded there are no reasonably arguable legal or factual issues.

## DISPOSITION

The judgment is affirmed.